# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0002, <u>Sanjeev Lath v. Scott Sample</u>, the court on June 7, 2018, issued the following order:**

Having considered the plaintiff's brief, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The plaintiff, Sanjeev Lath, appeals an order of the Circuit Court (<u>Lyons</u>, J.) denying his motion to vacate a prior judgment issued in favor of the defendant, Scott Sample. <u>See</u> <u>Lath v. Sample</u>, No. 2016-0217, 2016 WL 6472580 (N.H. Sept. 15, 2016) (<u>Lath I</u>). This is the second motion the plaintiff has filed seeking to vacate the judgment in <u>Lath I</u>. <u>See</u> <u>Lath v. Sample</u>, No. 2016-0596, 2017 WL 2797855 (N.H. Apr. 7, 2017) (<u>Lath II</u>) (upholding order denying motion to vacate judgment in <u>Lath I</u> on the basis of fraud).

In the present motion, the plaintiff asserted that the same trial judge who had issued the final orders in <u>Lath I</u> and <u>Lath II</u> had recently disqualified himself in two unrelated cases after learning that counsel for the defendant had represented a party whose interest was adverse to the plaintiff in those cases. The plaintiff further asserted that he was unaware of the basis for the disqualification when the trial judge had issued the judgment in <u>Lath I</u>, and had only learned of the basis when the trial judge disqualified himself in the unrelated cases. He requested that the trial court vacate the decision in <u>Lath I</u> in accordance with <u>Blaisdell v. City of Rochester</u>, 135 N.H. 589 (1992).

In denying the motion to vacate, the Trial Judge (<u>Lyons</u>, J.) acknowledged that counsel for the defendant, John F. Bisson, Esquire, is on the judge's "conflict list," and that the purpose of the conflict list is to prevent the trial court's clerk's office from presenting a case to the judge in which there is a conflict of interest. However, the trial judge also observed that <u>Lath I</u> had been tried before a judicial referee (<u>Kent</u>, R.), <u>see</u> <u>Lath I</u>, 2016 WL 6472580, at *1; <u>see</u> <u>also</u> <u>Lath II</u>, 2017 WL 2797855, at *1, that nothing on the face of the referee's recommended order revealed Attorney Bisson's involvement, and that the judge had no reason to know of Attorney Bisson's involvement at the time he approved of the recommended order. The trial judge noted that, had he been alerted to Attorney Bisson's involvement at the time he issued the order in <u>Lath I</u>, he "could have recused himself . . . [and] vacated the order, pending the Clerk having another Circuit Court judge review and act upon the [referee's recommended] decision." Because the plaintiff instead appealed, and because we affirmed the decision in <u>Lath I</u>, the trial judge determined that the "remedy

of referring [the referee's recommended order] to another Circuit Court judge has been rendered moot." Thus, the trial judge denied the motion.

Although the precise nature of the conflict is not clear, the trial judge's order establishes an ongoing conflict of interest that prevents him from presiding over cases in which Attorney Bisson represents a party. Under these circumstances, we conclude that it was error for the trial judge to have ruled upon the motion to vacate the judgment. See Douglas v. Douglas, 143 N.H. 419, 428 (1999) ("[A]s a general rule, a trial judge who has recused himself or herself should take no other action in the case except the necessary ministerial acts to have the case transferred to another judge." (Quotation and brackets omitted.)). Accordingly, we vacate the trial court's order, and remand for consideration of the plaintiff's motion by a different judge of the circuit court. We express no opinion as to the merits of the motion, or as to the relief, if any, to which the plaintiff might be entitled. See McNair v. McNair, 151 N.H. 343, 354-55 (2004) (ruling that harmless error standard applied to judicial disqualification issue where underlying result was compelled as a matter of law).

Vacated and remanded.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2